■ ANNA MERCURIO et al., Appellants, v. ELLEN KESLER et al., Respondents.— In an action to recover damages for personal injuries, plaintiffs appeal: (1) from an order of the Supreme Court, Kings County, dated January 16, 1959 (and described as "entered on or about January 10, 1959"), denying a preference under rule 9 of the Kings County Supreme Court Rules; and (2) from so much of an order of said court, dated April 12, 1960, made on reargument, as adhered to the original decision denying the preference. Order, dated April 12, 1960, insofar as appealed from, affirmed, without costs. Appeal from order, dated January 16, 1959, dismissed. This order was superseded by the later order granting reargument. In our opinion, on the record presented, there was no abuse of discretion at Special Term in denying the preference. Rule 9 of the Kings County Supreme Court Rules is not unconstitutional as asserted by plaintiffs (cf. *Plachte* v. *Bancroft, Inc.*, 3 A D 2d 437). Nor have plaintiffs demonstrated on the record presented that they have been deprived of any constitutional right by the manner in which the rule has been administered. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ NATALIE MEYERSFIELD, Respondent, et al., Plaintiffs, v. CITY OF NEW YORK, Defendant, and GREEN BUS LINES, INC., et al., Appellants.— In an action by three bus passengers to recover damages for personal injuries sustained as a result of a sudden stopping or lurching of the bus, the defendants Green Bus Lines, Inc., and Beckman, the bus owner and operator, respectively, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, rendered April 11, 1960, after a jury trial, as is in favor of plaintiff Natalie Meyersfield against them, in the amount of $17,500. Judgment, insofar as appealed from, reversed on the facts, action severed as to plaintiff Natalie Meyersfield and a new trial granted as between her and the bus owner and operator, with costs to abide the event, unless, within 20 days after entry of the order hereon, plaintiff Natalie Meyersfield shall stipulate to reduce the verdict in her favor from $17,500 to $10,000, in which event the judgment, as so reduced and insofar as appealed from, is affirmed, without costs. In our opinion the verdict of $17,500 in favor of said plaintiff is excessive. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.